In view of the majority's decision, any Mississippi resident who suffers an injury in Mississippi as the result of negligent repairs made to his automobile or other personal property in another state cannot seek redress in his home state, but instead, must bring suit in the jurisdiction where the repairs were made. I disagree with that proposition and therefore, dissent.
Repairs were made to Gross's GMC van at Chevrolet Country, Inc. in Austin, Texas, in September, 1985. Five months later, at home in Mississippi, the van refused to start and was towed to Fowler Buick-GMC in Jackson, where it was determined that the vehicle's problems arose from a nut left in the air intake system left during a previous repair job, allegedly by Chevrolet Country. It cost Gross some $4,723.85 to have the damage repaired. Gross filed suit against GMC, Chevrolet Country and Fowler Buick on August 31, 1987.
When a manufacturer places a defective product into the stream of commerce and damages result, we look to where the plaintiff's injury occurred. Since our decision in State Stove ManufacturingCo. v. Hodges, 189 So.2d 113 (Miss. 1966), where a home in Mississippi was demolished by the explosion of a water heater that had been manufactured in Tennessee and sold to a wholesaler in Memphis before being sold to a Mississippi contractor and suit was filed in Mississippi against the Tennessee manufacturer,where the plaintiff might bring suit has not been an issue in these cases. Suit may be brought where the tort happened in full or in part, regardless of how attenuated the defendant's relationship to the situs of the injury. Similarly, when damages arise from negligent repairs, suit is properly brought where the injury occurred. Especially in cases where multiple defendants are involved, it therefore defies logic to suggest that a separate suit should be filed in Texas against Chevrolet Country when the injury complained of occurred in Mississippi, the plaintiff and defendant Fowler Buick are Mississippi residents and GMC, by virtue of doing business in Mississippi, is unquestionably subject to our long-arm jurisdiction.
In Southern Pacific Transportation Co. v. Fox, 609 So.2d 357
(Miss. 1992), where this Court found that the Mississippi courts did not have jurisdiction to hear a FELA case arising out of a tort which occurred in Texas brought by a Texas plaintiff against a railroad with Mississippi business relationships, the majority was reminded that under common law, such a claim could have been permissible. Id. at 363-364 (Dan Lee, P.J., dissenting). The dissent focused on the language of Pullman Palace-Car Co. v.Lawrence, 74 Miss. 782, 22 So. 53 (1897), which provides as follows:
 (W)e had supposed there was, in our own state, no ground left for dispute that, in *Page 881 
transitory actions, whether in tort or in contract, our courts were wide open to any suitor, resident or nonresident, against his adversary, whether resident or nonresident, whether a natural person or an artificial one, regardless of where the right of action occurred, if only the courts had jurisdiction of the subject matter, and could obtain jurisdiction of the party, either a voluntary appearance, or by service of process.
Pullman, 74 Miss. at 796, 22 So. 53 (emphasis added). Regardless of amendments to and repeal of language in our long-arm statutes, our courts have been open to cases against non-resident defendants. We have not closed our doors to suits against non-resident manufacturers with only fortuitous links to Mississippi. Therefore, our courts should be open to actions against non-resident businesses when a tort in whole or part occurs in Mississippi and causes damages to a Mississippi resident. Accordingly, I dissent.
DAN M. LEE, P.J., and JAMES L. ROBERTS, J., join this opinion.